UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TYRONE R. JOHNSON, | ) 3:10CV0310 |
| | ) |
| Petitioner | ) JUDGE SOLOMON OLIVER |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| PHILLIP KERNS, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Tyrone R. Johnson ("Johnson") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2007 felony convictions for aggravated murder, aggravated robbery, and other charges, in the Lucas County, Ohio, Court of Common Pleas.  (Doc. 1.)  Johnson raises eighteen (18) grounds for relief in his petition:

> 1.  The defendant's due process rights were violated when the state failed to preserve exculpatory evidence.
>
> 2.  The state's failure to preserve evidence was bad faith.
>
> 3.  Trial court erred by denying defendant's motion for sanctions, for the state's failure to preserve evidence.
>
> 4.  Ineffective trial counsel assistance.
>
> 5.  The way voir dire was conducted was abuse of discretion.
>
> 6.  Latrel Brown testimony was false and an invitation to commit perjury.

7.  Jaun Hernandez testimony was prejudicial.

8.  Latrel Brown's testimony was perjury.

9.  Exculpatory statements – evidence were withheld.

10.  Handwriting exemplar is physical evidence Johnson is right handed.

11.  State v. Colon application.

12.  Trial court abused discretion when they granted summary judgment.

13.  Detective Rick Molner testimony was perjury.

14.  26(B) Ineffective trial counsel assistance.

15.  26(B) Ineffective appellate counsel assistance.

16.  State's plea agreement was a contingent and amounted to prosecutorial misconduct.

17.  Manifest weight of evidence-conflicting witness testimony.

18.  Trial court judge abused discretion.

(Doc. 1, petition, at viii-x.)

The respondent has filed an Answer/Return of Writ.  (Doc. 8.)  The respondent has also filed a motion to dismiss, based on failure to exhaust the fifteenth ground.  (Doc. 10.)

Johnson has filed an opposition to the motion to dismiss (doc. 11), as well as a Traverse to the Return of Writ (doc. 12).

I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

This prosecution concerned the killings of a man and woman who were shot to death in a Pontiac Bonneville automobile on September 19, 2006, in Toledo, Ohio. On the day of the murders, Toledo police learned that a witness saw two men exit the vehicle after the shootings. One of the men fell, dropped a firearm, and retrieved it as he exited the vehicle. They both ran. Nine days after the shootings, the Toledo Police completed their investigation of the vehicle and released it. Johnson was indicted for the killings after release of the vehicle, on November 17, 2006.

In the trial court, Johnson claimed that the automobile was a critical piece of evidence, that scientific testing of the automobile to identify the location of the shooter was not performed by Toledo Police, and that failure to preserve the automobile as evidence violated his right to due process of law. On May 4, 2007, appellant moved to dismiss or, alternatively, for the trial court to impose other sanctions due to the state's failure to preserve evidence. The trial court denied the motion on May 18, 2007, after a hearing.

The case proceeded to trial. On May 25, 2007, a jury found Johnson guilty of all three counts of the indictment. Under a judgment entry filed on May 30, 2007, Johnson was convicted on each count, sentenced to serve 20 years to life on each aggravated murder charge, to serve ten years for aggravated robbery, and to serve three years for the firearm specification. The aggravated murder prison terms run consecutively to each other and concurrent to the prison term for aggravated robbery. The sentence under the firearm specification was mandatory and consecutive.

(Doc. 8, RX 16, at 2-3; State v. Johnson, No. L-07-1193, 2009 WL 50127, at *1 (Ohio Ct. App. Jan. 9, 2009).)

3

## A.  Direct appeal

Johnson, through his appellate counsel, raised three assignments of error on

his direct appeal:

>    1.  The defendant's due process rights were violated when the state
>    failed to preserve exculpatory evidence.
>
>    2.  The state's failure to preserve evidence was bad faith.
>
>    3.  The trial court erred by denying defendant's motion for sanctions
>    for the state's failure to preserve evidence.

(Doc. 8, RX 10.)

## B.  Petition for Post-Conviction Relief

While his direct appeal was pending, Johnson filed a pro se petition to vacate

or set aside sentence in the trial court.  The petition was based on the following

grounds:

>    1.  Ineffective assist[ance] counsel: When Detective Rick Molnar
>    testified defense lawyer could have admitted interrogation tape.
>
>    2.  Improprieties in closing arguments can themselves violate due
>    process, prosecutor theorized a robbery and financial motive in
>    falsehood:  2001 Bonneville crime scene, when exculpatory evidence is
>    withheld by prosecution attention focuses on its effect on defendants
>    right to due process and prosecutions intentions are irrelevant.
>
>    3.  Compulsory process by granting defendant evidence thats favorable
>    to defendant, which was handwriting examples, crime scene
>    inspection. Having a full complete process: prejudice to defendant's
>    right to a fair trial is even more palpable when prosecutor has not only
>    withheld exculpatory evidence but has knowingly introduced and
>    argued false evidence.
>
>    4.  Identification, Juan Hernandez which is allegedly to fully expose
>    possible improprieties of identification testimony in presence of a jury
>    which is best suited to determine trustworthiness of testimonial

> evidence: When detective Rick Molnar brought a picture to Juan
> Hernandez to Meijer parking violated a line up and due process
> procedure.

(Doc. 8, RX 6.)  On June 23, 2008, the trial court denied the petition.  (Doc. 8, RX 8.)

Johnson appealed the denial of his petition for post-conviction relief, raising

the following assignments of error:

> 1.  Prosecutor withheld exculpatory evidence and introduced false
> evidence.
>
> 2.  Trial court erred granting summary judgment.
>
> 3.  Trial court erred when judge did not rule on all the claim[s].

(Doc. 8, RX 12.)

### C.  Consolidated Appeal

The Ohio Court of Appeals consolidated Johnson's direct appeal with his

appeal of the denial of his postconviction petition.  (Doc. 8, RX 14.)  On Jan. 9, 2009,

the court of appeals affirmed the judgment of the trial court, and Johnson's

conviction.  (Doc. 8, RX 16; State v. Johnson, No. L-07-1193, 2009 WL 50127 (Ohio

Ct. App. Jan. 9, 2009).)

Johnson filed a timely appeal to the Supreme Court of Ohio on Feb. 10, 2009,

asserting the following propositions of law, verbatim:

> 1.  Evid R 403, Relevant evidence admissible, irrelevant inadmissible.
>
> 2.  Civil Rule 56(D) Summary Judgment.

(Doc. 8, RX 18, at 11-12.)

5

On June 3, 2009, the state high court declined jurisdiction to hear the case. (Doc. 8, RX 20.)

### D.  Motion for New Trial

On March 5, 2009, while his consolidated appeal was pending in the state high court, Johnson filed a motion pro se for a new trial, under Ohio Crim. Rules 33(A) and 52(B).  Johnson argued that he had "suffered an irregularity in his trial proceedings, because the defendant was prevented from having a fair trial, due to misconduct of the prosecutor and the State's key witness Latrel Brown testimony to enter a plea of a less severe sentence if resulted in a conviction constituted plain error."  (Doc. 8, RX 21, at 4.)  The trial court dismissed the motion for new trial for lack of jurisdiction, because Johnson had filed a notice of appeal with the Supreme Court of Ohio.  (Doc. 8, RX 23.)

### E.  Rule 26(B) Motion to Re-Open

Johnson filed a timely application to re-open his appeal, under Ohio App. Rule 26(B), on grounds that his trial and appellate counsel were ineffective. Johnson raised the following grounds:

> 1.  Miranda violation must be reviewed to determine insufficient evidence claim and trial court abused discretion.
>
> 2.  It was prosecutorial misconduct for state's plea agreement with Latrel Brown if testimony resulted in a conviction.
>
> 3.  Johnson's conviction of aggravated murder & aggravated robbery was against the manifest weight of the evidence.

(Doc. 8, RX 24, at 5, 7-8.)  The appellate court denied the motion.  (Doc. 8, RX 26.)

6

Johnson appealed to the Supreme Court of Ohio, asserting the following propositions of law, verbatim:

> 1.  Prosecution & Det. Rick Molnar committed perjury in violation R.C. 2921.11.
>
> 2.  Det. Rick Molnar  is guilty of using sham legal process R.C. 2921.52.

(Doc. 8, RX 28, at 8-9.)

On Sept. 9, 2009, the Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. 8, RX 29; State v. Johnson, 123 Ohio St.3d 1410, 914 N.E.2d 206 (2009).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

7

differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Johnson has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

The respondent contends that all of the grounds of the petition, other than the first three grounds of the petition, and part of ground fifteen, are either not cognizable in habeas, or procedurally defaulted.  (Doc. 8, at 15.)

## III.  PROCEDURAL DEFAULT

The respondent argues that several of the grounds of the petition have been procedurally defaulted.  (Doc. 8, at 15-21, 24-25.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests

on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 103 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

10

A.  Fourth Ground:  Ineffective Assistance of Trial Counsel

The fourth ground of the petition is ineffective assistance of trial counsel,

which Johnson raised in his petition for post-conviction relief.  See generally doc. 8,

RX 6, at 2.  The state court of appeals addressed this issue in the consolidated

appeal, as follows:

> Appellant's first claim for relief in the petition was for claimed
> ineffective assistance of counsel due to the fact that trial counsel failed
> to seek admission into evidence at trial the videotape of Detective
> Molnar's interrogation of him when Molnar testified at trial.  The trial
> court noted that the videotape was the subject of a motion to suppress
> in the case and the tape was capable of being evaluated on direct
> appeal.  The trial court concluded that the ineffective assistance of
> counsel claim could have been raised by appellant's new counsel on
> appeal and was therefore barred by res judicata.
>
> We agree.  Where issues raised do not require consideration of
> evidence outside of the record in the original proceedings, the issues
> should have been raised on direct appeal from the original judgment
> and res judicata applies.  State v. Thomson, 6th Dist. No. L-05-1213,
> 2006-Ohio-1224, ¶ 27; State v. Brown, 8th Dist. No. 84322,
> 2004-Ohio-6421, ¶ 8.  Accordingly, no substantive basis for relief
> existed on the issue and a hearing on the claim was unnecessary.

(Doc. 8, RX 16, at 12; Johnson, 2009 WL 50127, at *6.)

Any ineffective-assistance claims that Johnson could have asserted in his

direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata.

Coleman, 244 F.3d at 538; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996)

(syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967)

(syllabus, ¶9).  Res judicata will apply when a defendant who is represented by new

counsel on direct appeal, as Johnson was, fails to raise the issue of ineffective

assistance of trial counsel.  Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert.

11

denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

As cause, Johnson argues that his appellate counsel was ineffective for not raising the ineffectiveness of trial counsel on appeal. (Doc. 12, at 4.) Ineffective assistance of counsel can serve as cause to overcome procedural default. Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 432 (6th Cir. 2006) (citing Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004)). However, an ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Deitz, 391 F.3d at 809 (citing Edwards, 529 U.S. at 452).

Claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals. Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio

App. R. 26(B).  Johnson did not properly raise this issue (admission of interrogation videotape as ineffectiveness) before the state courts, thus it cannot serve as cause. (Doc. 8, RX 24.)

Because Johnson has not shown cause, it is unnecessary to consider the issue of prejudice.  Murray, 477 U.S. at 494; Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).  The fourth ground of the habeas petition is procedurally defaulted.

### B.  Fifth Ground:  Voir Dire

The fifth ground of the petition is:  "The way voir dire was conducted was abuse of discretion."  As pointed out by respondent, this claim was never presented to the state courts on direct appeal.  (Doc. 8, at 25.)

Johnson did not raise this claim before the Ohio Court of Appeals.  See generally doc. 8, RX 10.  This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs, 265 F.3d at 415.

In addition, because the claim was not raised on direct appeal, it would be barred by the Ohio rule of res judicata.  Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Res judicata would bar Johnson from litigating an issue that could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

13

The Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata.  State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998).  See also Lundgren v. Mitchell, 440 F.3d 754, 765 (6th Cir. 2006) (Ohio rule that claims must be raised on direct appeal if possible; otherwise, res judicata bars litigation in subsequent proceedings).

The petition should not be granted on the basis of the fifth ground because it was not fairly presented to the state courts, thus it was not properly exhausted.

### C.  Sixth and Eighth Grounds:  Perjury by Brown

The sixth ground of the petition is "Latrel Brown testimony was false and an invitation to commit perjury."  The eighth ground is "Latrel Brown's testimony was perjury."  The respondent asserts that, because the claim was not presented on direct appeal, the state court applied the doctrine of res judicata.[1]  (Doc. 8, at 27.)

---

[1]  Although Johnson may have attempted to raise an aspect of this issue in his Rule 26(B) motion for reopening (doc. 8, at 34; doc. 8, RX 24), that procedure is limited to claims of ineffective assistance of appellate counsel.  Ohio R. App. P. 26(B)(1).  The state courts will not entertain other claims.  See State v. Goines, 74 Ohio St.3d 409, 410, 659 N.E.2d 787 (1996) (per curiam) (claimed errors not related to ineffective assistance of appellate counsel are disregarded).  Johnson now raises the issue as a matter of witness perjury, not as an ineffective assistance claim.  See, e.g., Sneed v. Johnson, No. 1:04CV 588, 2007 WL 709778, at *33 (N.D. Ohio Mar. 2, 2007), aff'd, 600 F.3d 607 (6th Cir. 2007), cert. denied, 131 S.Ct. 508 (2010) (claims were never raised as distinct grounds for relief but as ineffective assistance claims in application to reopen).  The claim was not properly exhausted.

The state court addressed the claim as part of the third ground supporting

Johnson's petition for post-conviction relief:

> Under Assignment of Error No. 3, appellant asserts error because the trial "judge did not rule on all the claim."  In his appellate brief, Johnson limited this argument to complaints of false testimony at trial by Detective Molnar and Latrel Brown, asserting that he did not make the statements attributed to him by Molnar.  Johnson argued that because he was imprisoned from June 2000 until May 2005, and then from September 2005 to June 2006, testimony by Latrel Brown that he and Johnson had dealt drugs for four or five years were clearly false.  Postconviction relief under R.C. 2953.21 is not a substitute for direct appeal.  These issues could have been raised in the trial court or on direct appeal.  Accordingly res judicata bars their consideration now.

(Doc. 8, RX 16, at 11; Johnson, 2009 WL 50127, at *5.)

As noted earlier, the Ohio rule of res judicata satisfies the first three factors

in Maupin.  Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must

demonstrate that there was cause for him not to follow the procedural rule, and

that he was actually prejudiced by the alleged constitutional error.

Johnson does not show cause to excuse the procedural default of the sixth or

eighth grounds.  See generally doc. 12, at 7-9, 11.  Because Johnson has not shown

cause, it is unnecessary to consider the issue of prejudice.  Murray, 477 U.S. at 494.

The sixth and eighth grounds of the habeas petition are procedurally defaulted.

### D.  Seventh Ground:  Hernandez Testimony

The seventh ground of the petition is "[Juan] Hernandez testimony was

prejudicial."  The respondent argues that this claim has been procedurally defaulted

15

because it was not presented on direct appeal, and would not be cognizable in habeas, as a matter of state evidentiary law.  (Doc. 8, at 36-41.)

The state court addressed the claim as the fourth ground in support of Johnson's petition for post-conviction relief:

> Finally, in the fourth claim in the petition, appellant claims that procedures used by Detective Molnar to secure photographic identification of appellant by Juan Hernandez violated due process. The trial court held that appellant failed to provide any evidence to support the contention.

(Doc. 8, RX 16, at 13; Johnson, 2009 WL 50127, at *6.)  The appellate court did not bar the claim on the basis of res judicata.

In his petition for postconviction relief, Johnson alleged that "When Detective Rick Molnar brought a picture to [Juan] Hernandez to Meijer parking lot violated a line up and due process procedure."  (Doc. 8, RX 6, at ¶ 12b.)  In denying his petition, the trial court noted that Johnson did not provide any evidence to support his allegation concerning the faulty identification.  (Doc. 8, RX 8, at 4.)  The court ruled that his claims "that the procedures related to the identification by Juan Hernandez violated a line up and due process procedure are unsubstantiated allegations, and as such are denied."  Id. at 5.

Although the court of appeals addressed his petition for postconviction relief as a whole, on the basis of Johnson's argument that the trial court erred in dismissing his petition without an evidentiary hearing (doc. 8, RX 16, at 12-14; Johnson, 2009 WL 50127, at *6), Johnson did not present his identification claim as a discrete constitutional claim to the court of appeals.  See generally doc. 8, RX 12

16

(brief on appeal); see also RX 10; and RX 18, at 11-13. The state courts were not given a full and fair opportunity to rule on the petitioner's improper identification claim. Rust, 17 F.3d at 160.

The petition should not be granted on the basis of the seventh ground because it was not fairly presented to the state courts, thus it was not properly exhausted.

### E. Ninth Ground: Exculpatory Evidence Withheld

The ninth ground of the petition is: "Exculpatory statements – evidence were withheld." The respondent argues that this claim is barred because it was not fairly presented to the state courts, and it is procedurally defaulted, in part. (Doc. 8, at 42-48.) As conceded by the respondent, Johnson attempted to raise some form of this claim in his petition for postconviction relief. Id. at 42-43.

The state court addressed this claim as follows:

Under the first assignment of error in this appeal, appellant attempts to reargue his claim that he was denied due process by the state's failure to preserve the Pontiac Bonneville as evidence. The doctrine of res judicata, however, prevents appellants from asserting issues in postconviction proceedings that were raised or could have been raised on direct appeal. State v. Szefcyk (1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233; State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraphs seven and nine of syllabus.

Johnson also claims under the first assignment of error that the prosecutor "introduced false evidence." The appellant's brief includes a contention that there was false testimony at trial concerning DNA evidence. He argues evidence was lacking as the car was destroyed before his DNA sample was taken. Johnson also claims that Detective Molnar of the Toledo Police Department falsely testified that Johnson admitted that he was ambidextrous when Molnar interrogated him.

> The nature of these objections is such that appellant could have raised them in the trial court and on direct appeal.  Accordingly res judicata precludes consideration of the claims in an application for postconviction relief.

(Doc. 8, RX 16, at 9; Johnson, 2009 WL 50127, at *4.)

The court notes that the failure to preserve the crime scene automobile was the focus of several claims in Johnson's direct appeal, see generally doc. 8, RX 10, and will be addressed more fully as the court considers the first three grounds of his habeas petition on the merits.  Therefore, the res judicata argument in this instance applies to those claims which "were raised" in the direct appeal, as well as those which could have been, but were not.

As noted previously, the Ohio rule of res judicata satisfies the first three factors in Maupin.  Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

Johnson does not show cause as to the ninth ground.  See generally doc. 12, at 12.  The ninth ground of the habeas petition is barred by res judicata, thus procedurally defaulted.

### F.  Tenth Ground:  Handwriting Exemplar

The tenth ground of the petition is "Handwriting exemplar is physical evidence Johnson is right handed."  The respondent argues that this ground is both procedurally defaulted and not cognizable.  (Doc. 8, at 48.)

18

In his petition for postconviction relief, Johnson seemed to argue that exculpatory evidence ("handwriting exemplar") was withheld. (Doc. 8, RX 6, at ¶ 11a-b.) The trial court ruled, as follows,

> Petitioner claims that exculpatory evidence was withheld or false evidence was introduced. He failed to plead any facts to support this allegation, so it is denied.
>
> * * * * *
>
> Finally, Petitioner requests a handwriting exemplar and appointment of counsel . . . the State's case did not depend upon the identification of Petitioner's handwriting or the issue of whether Petitioner was right- or left-handed. The issue of handwriting was peripheral to the criminal proceedings, so Petitioner's motion for appointment of a handwriting exemplar is denied.

(Doc. 8, RX 8, at 4-5.)

> The state court of appeals addressed this claim as follows:
>
> In the third claim in the petition, appellant claimed that the prosecution withheld exculpatory evidence concerning a handwriting exemplar and crime scene investigation. * * * * * We agree with the trial court that appellant failed to allege any facts to support his allegations that exculpatory evidence was withheld relating to any handwriting exemplar.

(Doc. 8, RX 16, at 13; Johnson, 2009 WL 50127, at *6.)

In his traverse, Johnson re-states his tenth ground as, "Due to the circumstances of this case, Johnson requests a handwriting exempler expert to prove he is a right handed person and not ambidextrous." (Doc. 12, at 12.) Johnson appears to drop his earlier contention that exculpatory evidence was withheld.

Although Johnson refers in passing to the Confrontation Clause, doc. 12, at 13, he does not argue that the failure to appoint a handwriting expert was a

19

constitutional violation.  The tenth ground should be denied because Johnson has failed to demonstrate that the state court ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

### G.  Eleventh Ground:  Colon Application

The eleventh ground of the petition is "State v. Colon application."  The respondent contends that this issue was never fairly presented to the state courts, and would not be cognizable in any event.  (Doc. 8, at 51.)

Presumably, Johnson refers to the recent decision of the Supreme Court of Ohio, which held that:  "When an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment."  State v. Colon, 118 Ohio St.3d 26, 885 N.E.2d 917, 919 (2008) (syllabus) ("Colon I"); see also State v. Colon, 119 Ohio St.3d 204, 204, 893 N.E.2d 169, 170 (2008) ("Colon II").

Johnson did not raise this claim before the Ohio Court of Appeals.  See generally doc. 8, RX 10.  This court does not have jurisdiction to consider a claim in a habeas petition which was not fairly presented to the state courts.  Baldwin, 541 U.S. 27; Jacobs, 265 F.3d at 415.

There is no indication in the record that Johnson raised any issue in the state courts concerning the adequacy of his indictment at any point.  The petition should not be granted on the basis of the eleventh ground because it was not fairly presented to the state courts, thus it was not properly exhausted.

20

## H.  Twelfth Ground:  Trial Court's Grant of Summary Judgment

The twelfth ground of the petition is "Trial court abused discretion when they granted summary judgment."  (Doc. 1, at p. 16.)  Johnson asserts that the trial court "applied the wrong standard when the court barred claims because of res judicata." Id.  The respondent points out that this claim is not cognizable in habeas corpus, and the issue was not presented to the state courts as a constitutional issue.  (Doc. 8, at 53-56.)

Johnson's appeal of the denial of his postconviction petition argues this issue as a matter of state law.  (Doc. 8, RX 12, at [7].)  The state court of appeals ruled on his claim strictly as a matter of state law.  (Doc. 8, RX 16, at 9-11; Johnson, 2009 WL 50127, at *4-*5.)  An alleged abuse of discretion by the state trial court, without more, is not a constitutional violation.  Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001), cert. denied, 537 U.S. 831 (2002) (citing Sinistaj v. Burt, 66 F.3d 804, 808 (6th Cir. 1995)).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

Federal habeas relief is not available for a claimed violation of state law.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  The petition should not be granted on the basis of the twelfth ground because Johnson has failed to demonstrate that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

21

## I. Thirteenth Ground:  Molnar Testimony

The thirteenth ground of the petition is "Detective Rick Molnar's testimony was perjury." The respondent asserts that this claim has been procedurally defaulted. (Doc. 8, at 56.)

The state court addressed the claim in the appeal of the denial of  Johnson's petition for post-conviction relief:

> Under Assignment of Error No. 3, appellant asserts error because the trial "judge did not rule on all the claim." In his appellate brief, Johnson limited this argument to complaints of false testimony at trial by Detective Molnar and Latrel Brown, asserting that he did not make the statements attributed to him by Molnar. * * * * * Postconviction relief under R.C. 2953.21 is not a substitute for direct appeal. These issues could have been raised in the trial court or on direct appeal. Accordingly res judicata bars their consideration now.

(Doc. 8, RX 16, at 11; Johnson, 2009 WL 50127, at *5.) Johnson did not raise this claim on direct appeal. (Doc. 8, RX 10.)

As noted earlier, the Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

Johnson does not show cause as to the thirteenth ground. See generally doc. 12, at 16-18. The thirteenth ground of the habeas petition is barred by res judicata, thus  procedurally defaulted.

J.  Fourteenth Ground:  Ineffective Assistance of Trial Counsel

The fourteenth ground of the petition is stated as "26(B) Ineffective trial counsel assistance."  At first glance, this would appear to be the same as his fourth ground, which also asserts ineffective assistance of trial counsel.  However, in his traverse, Johnson clarifies his belief that his ineffective assistance of trial counsel claim should have been granted in his Rule 26(B) application to reopen his appeal.  (Doc. 12, at 18.)

Under Ohio law, a Rule 26(B) motion for reopening is limited to claims of ineffective assistance of appellate counsel.  Ohio R. App. P. 26(B)(1).  The state courts will not entertain other claims.  See Goines, 74 Ohio St.3d at 410, 659 N.E.2d 787 (claimed errors not related to ineffective assistance of appellate counsel are disregarded); State v. Cook, No. WD-04-029, 2005 WL 1926517, at *4 (Ohio Ct. App. Aug. 10, 2005) (claim of ineffective assistance of trial counsel improper basis for Rule 26(B) motion); State v. Huber, No. 80616, 2003 WL 21419177, at *2 (Ohio Ct. App. June 18, 2003) (same).

This is a matter of state law.  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz, 731 F.2d at 368.  As stated earlier, federal habeas relief is not available for a claimed violation of state law.  See Lewis, 497 U.S. at 780.

The petition should not be granted on the basis of the fourteenth ground because Johnson has failed to demonstrate that the state court adjudication

23

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

### K. Fifteenth Ground: Ineffective Assistance of Appellate Counsel

The fifteenth ground of the petition is stated as "26(B) Ineffective appellate counsel assistance." The respondent, in the Answer/Return of Writ, argues that the claims in this ground have been procedurally defaulted. (Doc. 8, at 60-63.)

In the motion to dismiss, on the other hand, the respondent contends that, because the fifteenth ground has not been exhausted, the petition should be dismissed on that basis. (Doc. 10.) It is argued that "the list of new facts he alleges in ground fifteen fundamentally alters his claim of ineffective assistance of appellate counsel, and thus [it] is unexhausted in state court. (Doc. 10, at 3.) The respondent urges the court to consider this a "mixed" petition, and dismiss the petition in its entirety on that basis. Id. at 4-5.

Johnson disagrees that his is a mixed petition: he asserts that all of his claims were presented to the state court of appeals. (Doc. 12, at 21.) Nor does Johnson claim that he will return to state court in order to exhaust a claim in his current petition. See, e.g., Moore v. Wilson, No. 5:07CV0537, 2008 WL 2556669, at *2 (N.D. Ohio June 20, 2008) (considering stay).

Were the court to find that this is a mixed petition, the court would have several options. Where the district court is confronted with a mixed petition

24

containing unexhausted claims, the Sixth Circuit has presented a choice of four

options:

> (1) dismiss the mixed petition in its entirety, Rhines v. Weber, 544
> U.S. 269, 274, 125 S.Ct. 1528 (2005); (2) stay the petition and hold it in
> abeyance while the petitioner returns to state court to raise his
> unexhausted claims, id. at 275, 125 S.Ct. 1528; (3) permit the
> petitioner to dismiss the unexhausted claims and proceed with the
> exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the
> exhaustion requirement altogether and deny the petition on the merits
> if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).
> See Rockwell v. Yukins, 217 F.3d 421, 425 (6th Cir. 2000).

Harris v. Lafler, 553 F.3d 1028, 1031-1032 (6th Cir. 2009); see also Wagner v.

Smith, 581 F.3d 410, 419 (6th Cir. 2009).

However, the court is not inclined to view this claim as unexhausted.

Johnson did file an application to re-open his appeal, under Ohio App. Rule 26(B).

Johnson raised the following grounds:

> 1.  Miranda violation must be reviewed to determine insufficient
> evidence claim and trial court abused discretion.
>
> 2.  It was prosecutorial misconduct for state's plea agreement with
> Latrel Brown if testimony resulted in a conviction.
>
> 3.  Johnson's conviction of aggravated murder & aggravated robbery
> was against the manifest weight of the evidence.

(Doc. 8, RX 24, at 5, 7-8.)  The court of appeals reviewed the issues presented by

Johnson, and found that no genuine issue existed as to whether he was denied

effective assistance of counsel on appeal.  (Doc. 8, RX 26, at 7.)  Johnson appealed

this ruling to the Supreme Court of Ohio.  (Doc. 8, RX 27-28.)  The Supreme Court

dismissed the appeal as not involving any substantial constitutional question.  (Doc. 8, RX 29.)

Thus, Johnson presented his claim of ineffective assistance of appellate counsel, and allowed the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845; see also Rust, 17 F.3d at 160.

In his petition, Johnson appears to raise new arguments in support of his contention that appellate counsel was ineffective.  He complains that counsel did not pursue all the legal arguments he suggested.  (Doc. 1, at p. 20.)  For example, he complains that counsel did not raise a Batson claim, and that appellate counsel should have challenged the jury instructions.  Id.  In his traverse, he also asserts that counsel failed to pursue an actual innocence claim.  (Doc. 12, at 20.)  These arguments were not raised by him in his Rule 26(B) application.  See generally doc. 8, RX 24.  The respondent contends, not without some support, that "Johnson follows a pattern of treating each new appeal as a basis to argue more and different facts and legal conclusions that were never before presented to the state courts." (Doc. 8, at 62.)  See generally Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998) (claim of ineffective assistance of counsel must be presented to state courts under same theory later presented to federal court).

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so."  Monzo, 281 F.3d

26

at 578 (quoting State v. Williams, 74 Ohio  St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)); Flannery v. Hudson, No. 1:06CV1938, 2008 WL 1787155, at *4 (N.D. Ohio Apr. 17, 2008), aff'd, No. 08-3683, 2010 WL 3927075 (6th Cir. Sept. 28, 2010); Gorman v. Brunsman, No. 1:03CV865, 2006 WL 1645066, at *15 (S.D. Ohio June 7, 2006).  Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a Rule 26(B) motion to re-open appeal before the Ohio Court of Appeals, which is what Johnson filed.  See Monzo, 281 F.3d at 577; Ohio App. R. 26(B).  Any ineffective-assistance claim that Johnson could have asserted, but did not, is defaulted under the Ohio doctrine of res judicata.  Coleman, 244 F.3d at 538; Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).

As noted earlier, the Ohio rule of res judicata satisfies the first three factors in Maupin.  Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

Johnson does not show cause as to the fifteenth ground.  See generally doc. 12, at 20-21.  The fifteenth ground of the habeas petition is barred by res judicata, thus  procedurally defaulted.

## L.  Sixteenth Ground:  Prosecutorial Misconduct

The sixteenth ground of the petition is "State's plea agreement was a contingent and amounted to prosecutorial misconduct."  The respondent argues that this ground has been procedurally defaulted, because the claim was not raised as an independent claim, but merely as part of an argument that appellate counsel was

27

ineffective for failing to raise such a claim in the state court of appeals. (Doc. 8, at 63-64.)

> The state court of appeals addressed his claim in that context, as follows:

> Next appellant argues that appellate counsel was deficient in failing to assert error on appeal based upon prosecutorial misconduct. Appellant argues that the prosecutor induced false testimony by codefendant, Latrell Brown, against him at trial by entering into an illegal plea bargain with Brown. Appellant claims that the Brown plea bargain was contingent on the state securing a conviction against appellant.

> . . . this claim was not argued either in the trial court or on appeal. Appellant has failed to identify in the record any evidence supporting his claim that the Brown plea bargain was contingent on appellant's conviction. The state denies the claim. The state also argues that the record does not support the claim that the plea agreement was contingent on appellant's conviction as the record reflects that Brown entered his no contest plea before appellant's trial.

> Our own review of the record demonstrates a lack of any evidence supporting appellant's claim that the Brown plea bargain was contingent on conviction. Accordingly, we conclude that the appellant's argument based upon claimed prosecutorial misconduct is without merit.

> * * * * *

> We conclude that no genuine issue exists as to whether appellant was denied effective assistance of counsel on appeal. Appellant's application to reopen appeal is denied.

(Doc. 8, RX 26, at 5-6, 7.)

As discussed, briefly, earlier, although Johnson may have attempted to raise this issue in the context of his Rule 26(B) motion for reopening (doc. 8, RX 24), that procedure is limited to claims of ineffective assistance of appellate counsel. Ohio R. App. P. 26(B)(1). See Goines, 74 Ohio St.3d at 410, 659 N.E.2d 787 (claimed errors

not related to ineffective assistance of appellate counsel are disregarded). Johnson now raises the issue as a discrete claim of prosecutorial misconduct, not as an ineffective assistance claim. See, e.g., Sneed, 2007 WL 709778, at *33 (claims never raised as distinct grounds for relief but as ineffective assistance claims in application to reopen). The claim was not properly exhausted.

The petition should not be granted on the basis of the sixteenth ground because it was not fairly presented to the state courts as a discrete constitutional claim, thus it was not properly exhausted.

### M. Seventeenth Ground: Manifest Weight of the Evidence

The seventeenth ground of the petition is "Manifest weight of evidence – conflicting witness testimony." As with the preceding ground, the respondent argues that this ground has been procedurally defaulted, because the claim was not raised as an independent claim, but merely as part of an argument that appellate counsel was ineffective. (Doc. 8, at 65-66; see generally RX 26, at 6-7.)

In addition, the respondent notes that a claim based on manifest weight of the evidence is not cognizable in habeas. (Doc. 8, at 65.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997). When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony. Tibbs v. Florida, 457 U.S. 31, 42 (1982). In the federal

29

habeas context, this is outside the proper role of the habeas court.  The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses.  United States v. Adamo, 742 F.2d 927, 934-935 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).

Moreover, a claim that Johnson's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the evidence.  Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Cameron v. Birkett, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases).  The petition should not be granted on the seventeenth ground based on the manifest weight of the evidence.

### N.  Eighteenth Ground:  Trial Court Abuse of Discretion

The eighteenth ground of the petition is "Trial court judge abused discretion." The respondent asserts that this claim is not cognizable in habeas, and in addition, the claim was not fairly presented to the state courts.  (Doc. 8, at 66-69.)

The petition alleges that, throughout the entire trial process, "the trial judge made very bias[ed] decisions that were prejudicial to Johnson."  (Doc. 1, at p. 23.)

30

For example[2], evidence that was admitted "was prejudicial to Johnson." Id.  In addition, all the judge's rulings were "one-sided." Id.

As discussed earlier, an alleged abuse of discretion by the state trial court, without more, is not a constitutional violation.  Stanford , 266 F.3d at 459 (citing Sinistaj, 66 F.3d at 808).  In addition, to "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz, 731 F.2d at 368.

Federal habeas relief is not available for a claimed violation of state law.  See Lewis, 497 U.S. at 780.  The petition should not be granted on the basis of the eighteenth ground because Johnson has failed to demonstrate that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

---

[2]  Of course, as is his wont, Johnson presented additional reasons behind this claim in his traverse, which were not presented in his petition.  See doc. 12, at 24.  Johnson  cannot raise a new ground for habeas relief in his Traverse.  Any alleged violations of constitutional rights which are first raised in a traverse, rather than the habeas petition, are not properly before this court, and will not be considered.  Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005), cert. denied, 547 U.S. 1074 (2006) (citing cases); Jenkins v. Welch, No. 4:09CV637, 2010 WL 1948297, at *15 (N.D. Ohio Apr. 26, 2010); Sowell v. Collins, 557 F.Supp.2d 843, 889 (S.D. Ohio 2008).

## IV.  MERITS OF REMAINING CLAIMS

The first three grounds of the petition were properly exhausted in Johnson's direct appeal.  See generally doc. 8, RX 16; Johnson, 2009 WL 50127.  The court will now address whether any of the state court's determinations resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

### A.   Failure to Preserve Evidence

The first three grounds of the petition all relate to the state's alleged failure to preserve evidence:

1.  The defendant's due process rights were violated when the state failed to preserve exculpatory evidence.

2.  The state's failure to preserve evidence was bad faith.

3.  Trial court erred by denying defendant's motion for sanctions, for the state's failure to preserve evidence.

These were presented to the state court of appeals in identical terms.  (Doc. 8, RX 10.)

### 1.  Due process violation

The state court addressed the first assignment of error as follows:

The legal consequences of the state's failure to preserve evidence material to a criminal prosecution differs depending on whether the evidence is classified as "materially exculpatory evidence" or "potentially useful" evidence.  "The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a defendant from being convicted of a crime when the state either failed to preserve for trial materially exculpatory evidence or, in bad faith, failed to preserve for trial potentially useful evidence.  Arizona v. Youngblood (1988), 488 U.S. 51, 57-58, 109 S.Ct. 333, 102 L.Ed.2d 281;

California v. Trombetta (1984), 467 U.S. 479, 488-489, 104 S.Ct. 2528, 81 L.Ed.2d 413;  [citations to additional state cases omitted].

Appellant argues due process violations under either classification of the evidence, alternatively.  Under Assignment of Error No. 1, appellant argues that the automobile was exculpatory evidence.  Under Assignment of Error No. 2, appellant argues that the failure to preserve the automobile was in bad faith and due process was violated even if the evidence were considered only potentially useful.

Under California v. Trombetta (1984), 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413, the exculpatory nature of the evidence must be "apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489; see State v. Cal, 6th Dist. No. OT-05-005, 2006-Ohio-120, ¶ 34.

Appellant argues that the vehicle contained blood spatter evidence and physical evidence of a bullet hole in the dash that when considered with the physical remains of the victims would have provided a basis to identify the location and direction of the shooter in the car.  There were two men in the back seat of the car.  The victims were seated in the front.  Appellant has agreed in his brief on appeal that he and Latrel Brown were the individuals in the back seat.

Brown testified at trial that Johnson was the shooter.  Johnson did not testify at trial.  His counsel argued that Brown was the shooter.  Appellant claims that evidence to identify the location and direction of the shooter is exculpatory evidence and that failure to preserve the evidence requires dismissal of the case without proof of bad faith by the state.

As the evidence stood in September 2006, when the car was released by police, the nature of the blood spatter evidence was unknown.  It was not known whether the evidence would tend to exonerate or implicate appellant in the shootings.  Further testing was required, testing that appellant criticizes the state for failing to undertake.

In Illinois v. Fisher (2004), 540 U.S. 544, 124 S.Ct. 1200, 157 L.Ed.2d 1060, the United States Supreme Court considered a due process claim based upon the destruction of drug evidence under established procedures.  The defendant had been charged with possession of cocaine but became a fugitive while on bond.  Testing of a white

33

powder seized from appellant during a traffic stop had previously disclosed the substance to be cocaine.  The powdery substance was subsequently destroyed under standard police procedures during a ten year period in which the defendant was a fugitive.

The defendant in Illinois v. Fisher argued that the substance was "essential to and determinative of the outcome of the case" and that it provided the defendant his "only hope for exoneration." Id. at 548.  The Supreme Court held, however, that the distinction recognized in Youngblood between materially exculpatory evidence and potentially useful evidence controlled.  Id. at 549.  The court deemed that the evidence "might have provided the defendant with an opportunity to show that the police tests were mistaken" but that such evidence "was, at best, 'potentially useful' evidence, and therefore Youngblood's bad-faith requirement applies." Id.

Here, whether further testing would establish blood spatter evidence tending to exonerate appellant was unknown at the time the car was released.  Under Youngblood, such evidence therefore does not constitute materially exculpatory evidence.  Rather, it constitutes evidence potentially useful to the defense for which proof of bad faith in its destruction is necessary to establish denial of due process.

Our decision in State v. Durnwald, 163 Ohio App.3d 361, 837 N.E.2d 1234, 2005-Ohio-4867 does not compel a different result.  The videotape considered in Durnwald was not materially exculpatory evidence.  Id. at ¶ 31, 837 N.E.2d 1234.  The due process violation found in Durnwald was based upon a bad faith failure to preserve evidence.  Id. at ¶ 36, 837 N.E.2d 1234.  Similarly, the First District Court of Appeals' decision in State v. Battease, 1 st Dist. Nos. C-050837 and C-050838, 2006-Ohio-6617, was based upon a finding of bad faith of the police officer in intentionally destroying videotape evidence in violation of police regulations that required preservation of videotapes.  State v. Battease at ¶ 17-19.

Appellant's Assignment of Error No. 1 is not well-taken.

(Doc. 8, RX 16, at 3-6; Johnson, 2009 WL 50127, at *1-*3.)

The state court of appeals relied on three Supreme Court cases in ruling on

Johnson's due process claim:  Illinois v. Fisher, 540 U.S. 544 (2004); Arizona v.

Youngblood, 488 U.S. 51 (1988); and California v. Trombetta, 467 U.S. 479 (1984). The issue before this habeas court is whether the state court identified "the correct governing legal principle" from the decisions, and whether the state court unreasonably applied that principle to the facts of the case.  Williams, 529 U.S. at 412-413.  A state court decision is not unreasonable simply because this court considers the state decision to be erroneous or incorrect.  Rather, the court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

In California v. Trombetta, 467 U.S. 479 (1984), the Supreme Court considered whether due process requires "that the State preserve potentially exculpatory evidence on behalf of defendants."  Elmore v. Foltz, 768 F.2d 773, 777 (6th Cir. 1985) (quoting Trombetta, 467 U.S. at 481).  The Court ruled:

> Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense.  To meet this standard of constitutional materiality, . . .  evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

Elmore, 768 F.2d at 777 (quoting Trombetta, 467 U.S. at 488-489); Williams v. Sheets, No. 3:07CV00394, 2011 WL 1075921, at *7 (S.D. Ohio Feb. 2, 2011).  The defendant bears the burden to prove the evidence was exculpatory.  Williams, 2011 WL 1075921, at *7 (citing Trombetta, 467 U.S. at 488-489).

35

In the subsequent case of Arizona v. Youngblood, 488 U.S. 51 (1988), the Court held "that the destruction of merely potentially useful evidence by the state does not constitute a due process violation unless that action was done in bad faith." Frasure v. Ohio Reformatory for Women, No. 1:09CV1765, 2010 WL 3860997, at *6 (N.D. Ohio July 7, 2010) (citing Youngblood, 488 U.S. at 57-58); see also Williams, 2011 WL 1075921, at *7.  The Sixth Circuit explained further:

> When the state fails to preserve evidentiary material "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," a defendant must show: (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other means.

> "The presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed."

Monzo, 281 F.3d at 580 (quoting Youngblood, 488 U.S. at 57).  In other words, "'potentially useful' evidence is distinguished from material exculpatory evidence in that potentially useful evidence is 'evidentiary material of which no more can be said than that it could have been subjected to tests, the result of which might have exonerated the defendant.'"  Frasure, 2010 WL 3860997, at *6 (citing Youngblood, 488 U.S. at 57).

Most recently, in Illinois v. Fisher, 540 U.S. 544 (2004), the Court clarified that "the applicability of the bad-faith requirement in Youngblood depended . . . on the distinction between 'materially exculpatory' evidence and 'potentially useful'

36

evidence." Olszewski v. Spencer, 466 F.3d 47, 56 (1st Cir. 2006), cert. denied, 550 U.S. 911 (2007) (quoting Fisher, 540 U.S. at 549). A showing of bad faith is not necessary if the evidence is "materially exculpatory." Olszewski, 466 F.3d at 56.

> As another federal court put it:

> "the applicability of the bad-faith requirement in [Arizona v.] Youngblood depend[s] not on the centrality of the contested evidence to the prosecution's case or the defendant's defense, but on the distinction between 'material exculpatory' evidence and 'potentially useful' evidence." Illinois v. Fisher, 540 U.S. 544, 549 (2004) (citing Arizona v. Youngblood, 488 U.S. 51, at 57-58 [1988] ). When destroyed evidence is only "potentially useful" evidence, "Youngblood 's bad-faith requirement applies." Fisher, 540 U.S. at 549.

United States v. Kerr, No. 5:09CR0106, 2009 WL 4506293, at *3 (N.D. N.Y. Nov. 25, 2009).

Reviewing the state court's decision in light of the Supreme Court guidelines discussed above, this court is unable to find that the state court decision was an objectively unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. The petition should not be granted on the basis of the first ground.

### 2. Failure to preserve evidence

Johnson claims that the state's failure to preserve evidence was bad faith. The state court addressed that claim as follows:

> Under Assignment of Error No. II, appellant argues that the police acted in bad faith in failing to preserve the automobile as evidence. "The term 'bad faith' generally implies something more than bad judgment or negligence. 'It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." State v.

> Babos, 6th Dist. Nos. L-05-1394, L-05-1424, and L-06-1209, 2007-Ohio-2393, ¶ 21, quoting State v. Wolf, 154 Ohio App.3d 293, 797 N.E.2d 109, 2003-Ohio-4885, ¶ 14 and Hoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276, 452 N.E.2d 1315.
>
> The trial court found that release of the automobile was not undertaken in bad faith.  It concluded that the failure to do positioning studies and measurements inside the vehicle to help identify the location of the shooter was caused by the fact that the victim's bodies had been removed from the automobile by emergency medical responders before SUI investigators arrived at the scene.  The trial court characterized appellant's criticism of the nature of the police investigation, including the lack of testing and the failure to preserve the automobile, as presenting questions as to the police department's "exercise in judgment, maybe bad judgment, but not bad faith." Appellant has not claimed that release of the automobile violated any police regulation.
>
> We conclude that there is competent credible evidence supporting the trial court's conclusion that the police did not act in bad faith in failing to preserve the automobile as evidence in this case.  As a due process violation for failure to preserve potentially useful evidence requires proof of bad faith, Assignment of Error No. II is not well-taken.

(Doc. 8, RX 16, at 6-7; Johnson, 2009 WL 50127, at *3.)

The factual findings made by the state courts are presumed correct, and the presumption of correctness may be rebutted by the petitioner only with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  See, e.g., Lorraine, 291 F.3d at 422; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998), cert. denied, 527 U.S. 1040 (1999).  The presumption of correctness extends to the state court's findings of fact concerning the lack of evidence of bad faith.  See, e.g., Lorraine, 291 F.3d at 442-443.

Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and that presumption of correctness extends to factual findings of a state appellate court based on the state trial record.  Bowling v. Parker, 344 F.3d 487, 497 (6th Cir. 2003), cert. denied, 543 U.S. 842 (2004) (citing Sumner v. Mata, 449 U.S. 539, 546-547 (1981)).  The presumption was designed to relieve federal courts of the necessity of relitigating factual issues concerning federal rights claimed by a habeas petitioner when such factual determinations have already been made by the state court at trial where the defendant had adequate opportunity to present evidence.  United States ex rel. Preston v. Mancusi, 422 F.2d 940, 943 (2d Cir. 1970); Maxwell v. Turner, 411 F.2d 805, 807 (10th Cir. 1969).

Johnson does not present any evidence, let alone clear and convincing evidence, to rebut the state court's finding that "that the police did not act in bad faith in failing to preserve the automobile as evidence in this case."  See doc. 8, RX 16, at 7; Johnson, 2009 WL 50127, at *3.  See generally doc. 1, at p. 6; doc. 12, at 2-3.

The petition should not be granted on the basis of the second ground.

### 3.  Sanctions

The third ground of the petition is that the trial court "erred by denying defendant's motion for sanctions, for the state's failure to preserve evidence."  (Doc. 1, at p. 7.)  In his traverse, he contends that the court of appeals "erred by failing to impose sanctions due to the state's failure to preserve evidence."  (Doc. 12, at 3.)

The respondent contends that, because the first and second grounds are meritless, the third ground is also meritless. (Doc. 8, at 79; see generally doc. 8, RX 16, at 8; Johnson, 2009 WL 50127, at *4.) In any event, Johnson appears to be arguing that the state courts failed to properly follow Ohio procedural law. This would be an issue of state law. Johnson fails to demonstrate that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

## V. SUMMARY

The respondent's motion to dismiss (doc. 10) should be denied in part, and granted in part; however, the petition for a writ of habeas corpus should be denied as a whole, based on the arguments put forth in the Answer/Return of Writ.

The petition should not be granted on the basis of the first or tenth grounds, because Johnson has not established that the state court decision was an objectively unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

The petition should not be granted on the basis of the second ground, because Johnson does not present clear and convincing evidence, to rebut the state court's factual finding that the police did not act in bad faith in failing to preserve the automobile as evidence in this case.

The fourth, sixth, eighth, ninth, and thirteenth grounds of the habeas petition are procedurally defaulted.

The petition should not be granted on the basis of the fifth, seventh, eleventh, or sixteenth grounds because they were not fairly presented to the state courts, thus not properly exhausted.

The petition should not be granted on the basis of the third, twelfth, fourteenth, or eighteenth grounds because federal habeas relief is not available for a claimed violation of state law.  Johnson failed to demonstrate that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

As to the fifteenth ground, the motion to dismiss (doc. 10) should be denied, because the court does not find this to be a mixed petition, insofar as it is contended that this claim was unexhausted.  However, the fifteenth ground is barred by res judicata, thus  procedurally defaulted.

The petition should not be granted on the seventeenth ground based on the manifest weight of the evidence, because the claim is not cognizable on federal habeas review.

41

## RECOMMENDATION

It is recommended that petition for a writ of habeas corpus should be denied.


Dated:  __July 12, 2011__          __/s/ Kenneth S. McHargh__
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).