UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE R. JOHNSON, *Pro Se*, | ) | Case No.: 3:10 CV 310 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| PHILLIP KERNS, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On February 11, 2010, Petitioner Tyrone Johnson, *Pro Se* ("Petitioner" or "Johnson") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for aggravated murder, aggravated robbery, and other charges in the Lucas County, Ohio, Court of Common Pleas. (ECF No. 1.) The Petition is based on eighteen grounds:

1. The defendant's due process rights were violated when the state failed to preserve exculpatory evidence.

2. The state's failure to preserve evidence was bad faith.

3. The trial court erred by denying defendant's motion for sanctions, for the state's failure to preserve evidence.

4. Ineffective trial counsel assistance.

5. "The way voir dire was conducted was abuse of discretion."

6. Latrel Brown testimony was false and an invitation to commit perjury.

7. Juan Hernandez's testimony was prejudicial.


8. Latrel Brown's testimony was perjury.

9. "Exculpatory statements–evidence were [sic] withheld."

10. "Handwriting exemplar is physical evidence Johnson is right handed."

11. State v. Colon application.

12. Trial court abused discretion when they granted summary judgment.

13. Detective Rick Molnar testimony was perjury.

14. 26(B) Ineffective trial counsel assistance.

15. 26(B) Ineffective appellate counsel assistance.

16. "State's plea agreement was a contingent [sic] and amounted to prosecutorial misconduct."

17. "Manifest weight of evidence–conflicting witness testimony."

18. Trial court judge abused discretion.

(Pet. at 5-23.)

This case was referred to Magistrate Judge Kenneth S. McHargh for preparation of a report and recommendation. The Magistrate Judge issued his Report and Recommendation ("R&R") on July 12, 2011, recommending that Respondent's Motion to Dismiss be denied in part and granted in part, and that the Petition should be denied as a whole. (ECF No. 15.) Specifically, the Magistrate Judge concluded that: (1) the Petition should be denied on grounds one and ten because Petitioner "has not established that the state court decision was an objectively unreasonable application of clearly established federal law"; (2) the Petition should be denied on ground two because Petitioner "does not present clear and convincing evidence to rebut the state court's factual findings that the police did not act in bad faith in failing to preserve the automobile as evidence in this case"; (3) the Petition should be denied on grounds five, seven, eleven, and sixteen because they were not fairly

presented to the state courts and therefore were not properly exhausted ; (4) the Petition should be denied on grounds three, twelve, fourteen, and eighteen, "because federal habeas relief is not available for a claimed violation of state law. Johnson failed to demonstrate that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; and (5) grounds four, six, eight, nine, ten, and thirteen have been procedurally defaulted. (R & R at 9-42.) Magistrate Judge McHargh concluded that the Motion to Dismiss regarding the fifteenth ground should be denied because the court does not find it to be a mixed petition, but that it is barred by res judicata, and therefore procedurally defaulted. (*Id*. at 24-27, 42.)

Petitioner filed an unsigned Objection to the R&R ("Objection") on July 25, 2011. (ECF No. 16.) Petitioner made the following arguments regarding each of his grounds raised in his Petition:

> 1: "[I]ssue at hand does not require a finding of bad faith, but rather a determination whether the evidence possesses an exculpatory value that was apparent before the police officer-detective authorized the release of the vehicle."
>
> 2: "'Bad Faith' is not a requirement to prove that a defendant was denied a fair trial" and "the courts never applied the next inquiry is whether the vehicle, which was obviously relevant and indicates an immutable characteristic of the suspect which can be determined independently give the defense a opportunity to test, and prove actual innocence in this case."
>
> 3: "[T]rial court never reasonably gave any order to release the vehicle, or hold a evidentiary hearing in the matter in regards to police protocol....State court used wrong standard in assessing Brady claim."
>
> 4: "At the trial level defense counsels were ineffective." The affidavit regarding the alleged conduct of defense counsel "was submitted as evidence to this court, the affidavit is cause, and prejudice is established as well, this ground is not procedurally defaulted."
>
> 5: Voir Dire "claim was raised properly and presented to the State court by post conviction relief."

6 and 8: "The issues dealing with Latrel Brown's testimony are unbelievable....There is no procedural default attached."

7: Juan Hernandez's testimony was prejudicial and this issue was fairly presented to state courts and properly exhausted.

9: State fails to address this claim and "nature of both of the witnesses exonerates petitioner in whole." State court's decision was an "unreasonable application of Supreme Court precedent."

10: The false facts deprived Petitioner of a fair trial and he "was never afforded factual impeachment evidence to prove he is a right hand [sic] person." This is a constitutional violation "because the additional evidence will bring a different outcome of the trial had the facts been available showing the interrogation tape specifically on that issue, and proving through expert etc."

11. This error was first raised in the court of appeals, was fairly presented to state court, and properly exhausted.

12. The trial court erred in applying res judicata.

13. "Detective Molnar's testimony, and actions described in these findings were intentional and done in bad faith. testimony was designed and calculated to obtain a conviction. This detective testimony was a cumulative effect of Prosecutorial error."

14: The state applied res judicata "as basis to not address either claim" of ineffective assistance of trial claim, and did not address two prongs of *Strickland v. Washington*.

15: "[S]eek[ing] 14th Amendment guarantees a criminal appellant pursuing a first appeal as of right certain minimum safeguards necessary to make the appeal adequate and effective," which includes the right to counsel. The state court did not address his submissions. Petitioner can show by clear and convincing evidence that he was denied the effective assistance of appellate counsel on direct appeal.

16: Prosecutorial misconduct claim is "evident in light of the record." Claim was fairly presented to state courts and properly exhausted.

17: "[G]iven all the testimony at the trial was either hearsay, or circumstantial, the jury relied on false testimony from Latrel Brown, J[ua]n Hernandez, and Detective Rick Molnar."

18: "Trial court abuse of discretion is the foundation of the entire case." The trial court applied unreasonable and wrong standards. "The trial court was not fair, and

-4-

>[f]undamentally violated the 5th, 6th, 14th Amendment[s] of the U.S. Constitution. [sic] Which violates clearly established federal law."

(Objection at 1-9.) The court finds none of these arguments to be persuasive. Petitioner's arguments fail to address the deficiencies indicated by the Magistrate Judge. A simple recitation that a claim has been fairly presented, that Petitioner believes the state court made a decision that was an unreasonable application of Supreme Court precedent, that a state court decision violates clearly established federal law, or that he has presented clear and convincing evidence, does not demonstrate that the Magistrate Judge's Report and Recommendation is incorrect. In addition, Petitioner's attempts to present reasons to support his claims that were previously presented in his Petition. They are not properly before the court and will not be considered.

The court finds that after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the Magistrate Judge, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 15.)

Consequently, Johnson's Petition is hereby denied and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this

decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

     IT IS SO ORDERED.

                                  /s/ *SOLOMON OLIVER, JR.*
                                  CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT

July 29, 2011